UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4208-GW(AGRx) | Date | May 9, 2013 |
|---|---|---|---|
| Title | *Otter Products LLC v. Yang Yang United Inc., et. al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Ani Sakalian Garibyan  None Present

**PROCEEDINGS:** PLAINTIFF'S MOTION FOR A COURT ORDER STRIKING THE ANSWER OF DEFENDANT YANG YANG UNITED, INC. AND ENTERING A DEFAULT AGAINST IT (filed 04/22/13);

STATUS CONFERENCE

The Court's Tentative circulated and attached hereto, is adopted as its final ruling. Plaintiffs' motion is GRANTED/DENIED IN PART. The Court would grant Plaintiff's motion to strike Defendant Yang Yang, Inc.'s answer. The Court would deny Plaintiff's motion for default judgment as it is premature at this juncture. Plaintiff will have until May 31, 2013 to amend the complaint.

The status conference is continued to **June 24, 2013 at 8:30 a.m.** The Pretrial Conference and Trial dates are vacated and taken off-calendar.

: 03

Initials of Preparer  JG

***Otter Prods., LLC v. Yang Yang United, Inc., et al.***, Case No. CV-12-4208-GW (AGRx)
Rulings on: (1) Plaintiff's Motion to Strike Defendant Yang Yang's Answer, and (2) Plaintiff's Motion for Default Judgment Against Defendant Yang Yang

### I. Background

On May 14, 2012, Plaintiff Otter Products, LLC ("Plaintiff" or "Otter Products"), filed a Complaint against Yang Yang United, Inc., and Xiao Mu Wang (collectively "Defendants"), alleging that Defendants sell counterfeit goods which infringe Plaintiff's trademarks on a variety of accessories for portable electronic devices and computers. *See* Compl. ¶¶ 12-15, Docket No. 1.[1] Defendants have allegedly imported and sold thousands of counterfeit versions of Plaintiff's products in the United States. *See id.* ¶ 25.

On February 14, 2013, counsel for Defendants filed a Motion to Withdraw on the grounds that Defendants "currently owe, and refuse to pay, attorneys fees and costs associated with this lawsuit." *See* Nelson Decl. ¶ 9, Yang Decl. ¶ 8, Docket No. 27. Counsel also claimed that Defendants refused to communicate with their attorneys and did not cooperate with discovery. Nelson Decl. ¶ 6; Yang Decl. ¶ 7. On March 14, 2013, the Court granted counsel's motion to withdraw as to corporate Defendant Yang Yang effective 30 days from the date of the hearing, and indicated that counsel could also withdraw as to individual Defendant Wang upon completion of his deposition. *See* Docket No. 24. The Court further indicated that Defendant Yang Yang, a corporate entity, would have 30 days to obtain new counsel and could not appear without representation. *Id.* Plaintiff and Defendants' counsel also repeatedly warned Defendant Yang Yang that it must be represented by an attorney. *See* Docket No. 38 at 3.

On April 15, 2013, the Court held a status conference at which Defendants' counsel was formally relieved as the attorney of record for Defendants; Defendant Yang Yang did not appear or otherwise indicate that it had or was attempting to obtain new counsel. *See* Docket No. 36. In light of Defendant Yang Yang's corporate status and its failure to secure new counsel after 30 days, the Court indicated that Plaintiff could file a motion to strike Defendant Yang Yang's answer, given that a corporation may not appear without representation. *Id.* Plaintiff filed the instant motion to strike – along with a motion for default judgment – on April 22, 2013. *See* Pl. Mot., Docket No. 38.

### II. Plaintiff's Motion to Strike

Plaintiff moves to strike Defendant Yang Yang's answer to the Complaint on the grounds that a corporation or similar entity may not appear in federal court without counsel. Plaintiff's motion is not premised on Federal Rule of Civil Procedure 12(f). Rather, it appears to be a motion for a sanction in the form of an order striking Defendant Yang Yang's answer, which would be in furtherance of Plaintiff's application for entry of a default judgment against the

---

[1] Defendant Wang is the sole owner and shareholder of Defendant Yang Yang United, Inc. *See* Garibyan Decl. ¶ 2, Docket No. 29.

corporation. *See generally* Pl. Mot.

It is well-settled that "[a] corporation may appear in federal court only through licensed counsel." *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (acknowledging that courts have held that the rationale for the rule requiring that corporations appear in federal court through an attorney "applies equally to all artificial entities"); *D–Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney") (citation and internal quotation marks omitted, modification in original). Here, Defendant Yang Yang's counsel withdrew on April 15, 2013, and Defendant Yang Yang failed to retain counsel during the 30 day period provided by the Court. This is so despite having been expressly warned by the Court that the failure to obtain counsel could result in the entry of default against them. Moreover, Defendant Yang Yang has made no ascertainable effort to retain counsel or defend itself in this action since Defendant's counsel filed its motion to withdraw.

Accordingly, the Court would GRANT Plaintiff's motion to strike Defendant Yang Yang's answer to the Complaint. "District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). Courts have stricken the answers of defendants who have failed to defend themselves. *See Rojas v. Hawgs Seafood Bar, Inc.*, No. C08–03819, 2009 U.S. Dist. LEXIS 41435, at *2 (N.D. Cal. May 5, 2009) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it.") (citing *Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (holding that failure to retain counsel on behalf of corporation supported entry of default judgment)); *Myers v. LHR, Inc.*, 543 F. Supp. 2d 1215, 1217 (S.D. Cal. 2008) (addressing plaintiff's motion for entry of default judgment and noting that court had previously granted plaintiff's motion to strike corporate defendant's answer for failure to retain counsel in order to appear in federal court); *see also Microsoft Corp. v. Marturano*, No. 06-CV-1747, 2009 U.S. Dist. LEXIS 44450, at *7, 16-17 (E.D. Cal. May 27, 2009) (striking answer in advance of entering default judgment against defendant who persistently failed to participate in the action); *United States v. Uptergrove*, No. 06-CV-1630, 2008 U.S. Dist. LEXIS 73489, at *4 (E.D. Cal. Aug. 13, 2008) (same). This Court would similarly conclude that, under the facts of this case, an order striking Defendant Yang Yang's answer is an appropriate sanction that falls within the Court's inherent authority.

### III. Plaintiff's Motion for Default Judgment

Pursuant to Fed. R. Civ. P. 55(b), a court may order default judgment following the entry of default by the Clerk of the Court. *See Kloepping v. Fireman's Fund*, No. 94-2684, 1996 U.S. Dist. LEXIS 1786, at *3-4 (N.D. Cal. Feb.13, 1996). In the Central District of California, motions for default judgment must set forth the following information: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers Civil Relief Act does not

apply; and (5) that notice of the application has been served on the defaulting party, if required. *See* Local Rule 55–1.

A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). Rather, granting or denying relief is entirely within the court's discretion. *See id.* The Ninth Circuit has enumerated the following factors (collectively, "the *Eitel* factors") that a court may consider in determining whether to grant default judgment: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, the plaintiff is required to provide proof of all damages sought in the complaint. This process is limited by Fed. R. Civ. P. 54(c), which states that "[a] judgment by default shall not be different in kind or exceed in amount that prayed for in the [complaint]."

In the instant case, Plaintiffs do not appear to have satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(a), Local Rule 55-1, and Fed. R. Civ. P. 54(c). Before a default judgment can be entered by the court, the party must move the court to direct the entry of default in accordance with Rule 55(a) and default must be entered by the clerk. Since Plaintiff has failed to secure an entry of default, a motion for default judgment is inappropriate at this time. Once default has been entered, Plaintiffs may bring a renewed motion for default judgment addressing the *Eitel* factors outlined above.

**IV. Conclusion**

The Court would GRANT Plaintiff's motion to strike Defendant Yang Yang, Inc.'s answer.

The Court would DENY Plaintiff's motion for default judgment as it is premature at this juncture.